UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEYVIN MORALES,<br><br>Defendant. | 5:22-CR-50084-KES-02<br><br>ORDER DENYING<br>MOTION TO SEVER |

Deyvin Morales ("Deyvin") filed a Motion to Sever requesting his case be completely severed from that of his co-defendants: Karla Lopez Gutierrez ("Karla") and Juan Francisco Alvarez Sorto ("Juan"). (Doc. 113). The government opposes the motion. (Doc. 119). Deyvin filed a reply to the government's response. (Doc. 121). Based on a careful consideration of all the evidence, and counsel's written arguments, the court denies the motion.

## JURISDICTION

A grand jury returned a superseding indictment charging Deyvin, Karla,[1] and Juan[2] with: (1) kidnapping and aiding and abetting under 18 U.S.C. §§ 1201(a)(5) and 2; (2) carjacking and aiding and abetting under 18 U.S.C. §§ 2119(1) and 2; and (3) use, carry, and brandish a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C.

---

[1] Karla pled guilty to counts one and three. (Docs. 122-125).
[2] Juan is also charged with unlawful reentry after deportation under 8 U.S.C. § 1326(a).

1

§§ 924(c)(1)(a)(ii) and 2. (Doc. 74). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Court District of South Dakota's Local Rule (LR) 57.11(B).

## DISCUSSION

### I. Defendants are Properly Joined under FRCP 8(b)

When considering a motion for severance, the district court must first determine whether joinder was proper under the Federal Rules of Criminal Procedure ("FRCP") 8(b). United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). FRCP 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court has held, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). "Joint trials play a vital role in the criminal justice system" by promoting efficiency and serving "the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. (internal quotations omitted).

Deyvin does not argue that joinder is improper. (Doc. 58, p. 2). Joinder is proper as the defendants are alleged to have "participated in the same act or transaction" namely the carjacking and kidnapping of Curt Lauinger on May 6, 2022, as set out in the superseding indictment. (Doc. 85);[3] see United States v.

---

[3] The facts of the case are set out in the Report and Recommendation on Deyvin's motion to suppress. (Doc. 85).

2

Wisecarver, CR. 15-50114-JLV, 2016 WL 4203439 (D.S.D. Aug. 9, 2016) (quoting United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984)) ("The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true.")).

## II.   Severance is not required under FRCP 14(a)

### A. Legal Standard for Joinder Under FRCP 14(a)

When joinder is proper under FRCP 8, the defendant seeking to sever his case has the burden to demonstrate how a joint trial would prejudice his right to a fair trial.  Darden, 70 F.3d at 1526.  Severance under FRCP 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"Once defendants are properly joined under FRCP 8, there is a strong presumption for their joint trial," which may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice."  United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004); United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009).  A court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants.  United States v. George, 548 F. Supp. 2d 713, 720 (D.S.D. 2008).

To warrant severance, defendants must demonstrate "severe or compelling" prejudice as a result of the district court's refusal to grant

severance. Id.; United States v. Crumley, 528 F.3d 1053, 1064 (8th Cir. 2008). "[A] defendant must show 'real prejudice', that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" United States v. Collins, 240 F. Supp. 2d 1078, 1081 (D.S.D. 2002) (quoting United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004)). Even when real prejudice is shown, the court must still consider "less drastic measures, such as a limiting instruction" to cure any potential prejudice. Zafiro, 506 U.S. at 540. Therefore, FRCP 14 does not require severance if prejudice is shown; rather, it leaves the tailoring of relief from prejudice to the district court's sound discretion. Id. at pp. 538-39.

### B. Deyvin Has Not Met His Burden to Demonstrate Prejudice

"Where two or more defendants are tried jointly[,] the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination." Wisecarver, CR. 15-50114-JLV, 2016 WL 4203439 (quoting Cruz v. New York, 481 U.S. 186, 189-90 (1987)); see Richardson v. Marsh, 481 U.S. 200, 206 (1987) (the Confrontation Clause dictates that "where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand").

In Bruton, the Supreme Court held "the admission of a confession of a co-defendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment Confrontation Clause, when that confession implicated the defendant." Schneble v. Florida, 405 U.S. 427, 429-30 (1972)

4

(citing <u>Bruton v. United States</u>, 391 U.S. 123, 126 (1968)).  The Supreme Court demarcated the proper function of limiting instructions in joint trials, explaining that even "clear" instructions are not "adequate substitute[s]" for a defendant's right to cross-examination.  <u>Bruton</u>, 391 U.S. at 137.  "<u>Bruton's</u> prohibition applies only when the declarant co-defendant does not testify at trial."  <u>United States v. Coco</u>, 926 F.2d 759, 761 (8th Cir. 1991).  Therefore, if a defendant does not wish to testify at trial, then the pretrial confessions that implicates the other are not admissible.

However, the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession that is redacted to eliminate the defendant's name and any other reference to the defendant's existence and if the jury is instructed to consider the out-of-court statement only against the declarant-defendant.  <u>Richardson</u>, 481 U.S. at 207, 211.  "[R]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration" violate the non-confessing co-defendant Sixth Amendment right to confrontation.  <u>Gray v. Maryland</u>, 523 U.S. 185, 192-96 (1998).  In order to comply with <u>Bruton</u>, the statement must be edited so that not only are all incriminating references to the non-confessing co-defendant removed, but also so the statement does not obviously appear to have been redacted.  <u>Id.</u> (citing <u>Richardson</u>, 481 U.S. at 203).  The Eighth Circuit explained a defendant's constitutional rights are violated when the court admits the out-of-court statements of a co-defendant, which, "despite redaction, obviously refer directly to someone, often obviously

the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." United States v. Gayekpar, 678 F.3d 629, 636-37 (8th Cir. 2012).

In his Motion to Sever, Deyvin argues:

> Without independent evidence or co-defendant testimony, the Government must be ready to utilize co-defendant testimony or post-Miranda testimonial statements. . . . Except there is no degree of redaction that can protect Morales in this situation, nor does the back door negate Morales's constitutional right to confront witnesses against him. . . . The inability to sufficiently redact post-arrest testimonial statements creates such prejudice and antagonism so as to lead the jury to infer that no separation among co-defendants can be achieved with a simple jury instruction.

(Doc. 113, pp. 2-3). Deyvin is essentially arguing that the government is going "to utilize co-defendant testimony or post-Miranda testimonial statements" against Deyvin. (Doc. 113, p. 2).

In its reply, the government attached an exhibit with statements sent from Deyvin to Juan. (Doc. 119, pp. 4-6). In Deyvin's reply brief, he states, "Attachment A is not admissible under Fed. R. Ev. 801(d)(2)(E)" and "does not meet the exception to hearsay as an admission by a party opponent, Rule 801(d)(2)(A)." (Doc. 121, p. 1).[4]

The parties' discussion regarding Deyvin's statements is not helpful in determining whether severance is appropriate; it is the post-arrest statements of Juan and their admissibility against Deyvin which the court must analyze in

---

[4] The statements are admissible as statement by party opponent against Deyvin, the author of the statements. See FRCP 801(d)(2)(A). This court need not determine the admissibility of Devyin's statements against his co-defendant at this juncture, as Juan has not made a similar motion.

6

order to determine whether the motion should be granted. Neither party has provided Juan's statements and the government did not submit any proposed redactions.  However, the United States declares they "will offer statements in redacted form or completely devoid of any mention of a defendant's name or existence.  In other words, where issues arise under Bruton, the United States will take steps to ensure that appropriate redactions or omissions are made." (Doc. 119, p. 9).

If a non-testifying defendant's statements are introduced incriminating their co-defendant, Bruton has been violated; therefore, statements that incriminate the co-defendant are not admissible if the declarant of the statements does not testify.  However, a co-defendant's statements, sufficiently redacted and accompanied by a limiting instruction does not run afoul of the Confrontation Clause. Richardson v. Marsh, 481 U.S. 200, 208 (1987).

In both his initial motion and reply brief, Deyvin appears to argue that the recent United States Supreme Court case of Samia v. United States, 143 S. Ct. 2004, 2010 (2023), requires the government to demonstrate how it intends to meet Burton's redaction requirements; and if the government fails to do so, severance is required.  In Samia, the defendant was arrested, along with others, by the U.S. Drug Enforcement Administration and charged with a variety of offenses related to the murder-for-hire of a real-estate broker. The government tried all three defendants jointly.  Id.  Prior to trial, the government moved to admit one co-defendant's post-arrest confession in which he admitted that he had been in the van in which the broker was killed, but he claimed that

7

Samia had shot the broker.  Id.  Since the co-defendant would not be testifying on his own behalf and the full confession implicated the defendant, the government proposed that the confession be introduced through the testimony of a DEA agent, who would testify to the content of the confession in a way that eliminated the defendant's name while avoiding any obvious indications of redaction.  Id.  The district court granted the government's motion.  Id. at pp. 2010-11.  The defendant's name was substituted with the "other person."  Id. at p. 2011.   During the agent's testimony and prior to the jury deliberations, a limiting instruction was given that the agent's testimony was admissible only as to co-defendant who said the statement and should not be considered against the other defendants. Id. at p. 2011.  The defendant and his codefendants were convicted on all counts.  Id.

On appeal, the defendant argued that the admission of the co-defendant's confession was constitutional error because other evidence and statements at trial enabled the jury to immediately infer that the "other person" described in the confession was the defendant.  Id.  The Supreme Court, affirming the district court, held that the Confrontation Clause was not violated by the admission of a non-testifying codefendant's confession that did not directly inculpate the defendant and was subject to a proper limiting instruction.  The court found the substation of the defendant's name with the "other person" was not an obvious redaction and was not akin to an obvious blank or the word "deleted," like in Gray v. Maryland, 523 U.S. 185 (1998). Id. at p. 2016.  The Court said "[t]he Confrontation Clause ensures that

8

defendants have the opportunity to confront witnesses against them, but it does not provide a freestanding guarantee against the risk of potential prejudice that may arise inferentially in a joint trial." Id. at p. 2018.

The approach that Deyvin requests this court employ was rejected by the Supreme Court. The Samia court stated, "…the likely practical consequence of Samia's position would be to mandate severance whenever the prosecution wishes to introduce the confession of a nontestifying codefendant in a joint trial. But, as this Court has observed, that is 'too high' a price to pay." Samia, 143 S. Ct. at 2018 (2023)(quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987)).

The Government agrees to sufficiently redact Deyvin's name from the co-defendant's statement and the jury will be instructed to consider the out-of-court statement only against the declarant-defendant; therefore, the Confrontation Clause will not be violated. Richardson, 481 U.S. at 207, 211. Deyvin failed to meet his heavy burden showing the requisite prejudice as required under FRCP 14(a).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Sever (Doc. 113) be denied without prejudice.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service

of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Fed. R. Crim. P. 59(a) Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 29th day of August, 2023.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge